## NATHANIEL B. BORDEN, Assignee *vs.* THEODORE CUYLER.

*It seems* that the rule in England, compelling a creditor who has the joint security of insolvent copartners, and also the separate security of the several copartners, to elect between them, is not law in this commonwealth.

An acceptance, taken up by a third party for the accommodation of the drawer, not allowed as a negotiable draft, in the settlement of the concerns of the drawers in insolvency, but admitted as evidence of money paid, for the benefit of the party making the payment.

APPEAL from the allowance by a Master in Chancery to Theodore Cuyler, of two claims against the joint estate of J. & J. Eddy, copartners, insolvent debtors; and also against the separate estate of Jesse Eddy. The claims consisted of two drafts, each for two thousand dollars; one dated February 2, and one February 11, 1846, both payable at six months, and drawn by J. & J. Eddy, upon William R. Hanson & Brother, Philadelphia, payable to the order of Jesse Eddy, and by him indorsed in blank. The Master allowed proof of the whole claim against the joint estate of J. & J. Eddy, and also against the separate estate of Jesse Eddy, the indorser.

The assignee appealed to this court, and evidence was reported by the Master, tending to show that the drafts were taken up by said Cuyler at their maturity, for the accommodation, and at the request of the drawers; and that question was submitted to the court, as a question of fact, upon the evidence reported. It is not therefore necessary to report the evidence in detail.

*T. D. Eliot*, for the assignee.

*B. F. Hallett*, for the creditor.

CUSHING, J. This petition, which is embraced in the foregoing opinion, so far as regards the questions therein decided, is also the subject of another and a quite independent set of questions, growing out of the partnership concern of John & Jesse Eddy.

The case finds that the Master allowed Theodore Cuyler to prove, as well against the joint estate of J. & J. Eddy, as

against the separate estate of Jesse Eddy, two acceptances, which are of similar forms, though of different dates, each for two thousand dollars, drawn by J. & J. Eddy, indorsed by Jesse Eddy, and addressed to William R. Hanson & Brother, of Philadelphia, and accepted by them; and which acceptance came lawfully into the hands of Theodore Cuyler, under the circumstances stated in the report of the evidence.

To this act of the Master, objection is made by the assignee of the Eddys, and thus the subject comes up here.

By the pleadings, proofs and arguments in the case, two distinct questions are raised, viz:

1. Whether the holder of these acceptances is entitled to make double proof against J. & J. Eddy as drawers, and against Jesse Eddy as indorser?

2. Whether the acceptances may be proved at all as such?

The general doctrine of law on the first point, that is, the obligation of election, or the right of double proof, where all the partners are bankrupt, has been settled, but with much misgiving, in England, compelling the creditor to elect between his securities. Collyer on Part. by Perkins, *c.* 4, § 5. Lord Eldon struggled against it, but finally submitted to the precedents. *Ex parte Bevan*, 9 Ves. 223. Lord Henley, in stating the rule, says: " This doctrine, by refusing a creditor the benefit of the caution he has used in obtaining a joint and several security, has been justly reprobated, and is founded upon no sound principle or analogy whatever." Henley, Bankrupt Laws, 2d ed. *c.* 11, § 9. Mr. Justice Story, in this country, condemns it with equal peremptoriness. Story on Part. § 376 *& seq.* And it remains a mooted question in the United States. In this commonwealth, the practice and the weight of professional opinion favor the double proof; but the point has not yet been adjudicated.

The attitude in which the other question presents itself, relieves us from the necessity of taking up and determining this one. The court are all of opinion upon the facts reported, that these acceptances did not pass to Cuyler as negotiable securities, upon which, as such, to sustain an action in his name against either J. & J. Eddy, or Jesse Eddy; that the

result of the facts is to show the acceptances to have been paid as acceptances, in behalf of the parties liable; and that the true and only remedy of Cuyler in the premises, would be at law, by action for money paid, in which contingency the drafts would be available as evidence of payment and consideration.

'The decision of the Master upon this point is reversed, therefore; he is to allow to Cuyler the amount proved to have been paid by him, and is to take the acceptances for proofs of payment; but he is to charge the amount only to the partnership debts of J. & J. Eddy.